JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-5653PA (JPRx) | Date | January 23, 2023 |
|---|---|---|---|
| Title | Joseph Lackey v. Scarlet Sheppard | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS—ORDER

On December 16, 2022, the Court granted, in part, defendant Scarlet Sheppard's ("Defendant") Motion to Dismiss ("Motion") plaintiff Joseph Lackey's ("Plaintiff") Complaint. (Docket No. 27.)  The Court granted the Motion with respect to Plaintiff's sole federal claim – copyright infringement – and declined to address the Motion as to Plaintiff's state law claims unless and until Plaintiff could adequately allege a viable federal claim.  (Id.)  Plaintiff was given leave to amend and ordered to file a First Amended Complaint by no later than January 3, 2023.  The Court warned that "failure to file the First Amended Complaint by that date may, without further warning, result in the dismissal of this action with prejudice."  (Id. at p. 6.)  Plaintiff later filed an Ex Parte Application requesting an extension to January 15, 2023, which the Court granted.  (Docket No. 31.)  To date, Plaintiff has not filed his First Amended Complaint and the deadline to do so has passed.

The Court may dismiss with prejudice an action or claim sua sponte if "the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order."  See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962) (dismissal for failure to prosecute); Ferdik v. Bonzelet, 963 F.2d 1258, 1263 (9th Cir. 1992), as amended (May 22, 1992) (affirming district court's dismissal of plaintiff's second amended complaint for failure to comply with its order to amend that complaint as required under Rule 10(a)).  This inherent power supports the orderly and expeditious disposition of cases.  See Link, 370 U.S. at 629–30; Ferdik, 963 F.2d at 1260–61.

In Henderson v. Duncan, the Ninth Circuit set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions."  779 F.2d 1421, 1423 (9th Cir. 1986).  Dismissal is

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-5653PA (JPRx) | Date | January 23, 2023 |
|---|---|---|---|
| Title | Joseph Lackey v. Scarlet Sheppard | | |

appropriate "where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (internal citations omitted) (citing Ferdik, 963 F.2d at 1263). Cases involving sua sponte dismissal warrant special focus on the fifth Henderson factor. Id.

     Here, an evaluation of the Henderson factors ultimately weighs in favor of the Court's decision to dismiss Plaintiff's copyright infringement claim. In assessing the first factor, the public's interest in the expeditious resolution of litigation will be satisfied by dismissal. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir.1999)); see also In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1234 (9th Cir. 2006) ("[D]ismissal serves the public interest in expeditious resolution of litigation as well as the court's need to manage the docket when a plaintiff's noncompliance has caused the action to come to a halt, thereby allowing the plaintiff, rather than the court, to control the pace of the docket."). Similarly, the second factor will be satisfied because the Court's need to manage its docket will be served by dismissal. See In re Phenylpropanolamine, 460 F.3d at 1234.

     The third factor at least marginally favors dismissal because the defendant may be further prejudiced unless the copyright infringement claim is dismissed. See NextEngine, Inc. v. Bigfoot Ventures Ltd., No. CV 17-1960 PA (PLAX), 2018 WL 1309827, at *2 (C.D. Cal. Jan. 4, 2018) ("Defendant may be further prejudiced unless the complaint is dismissed."). Finally, in considering the fourth and fifth factors, the Court notes that it explicitly warned Plaintiff about the consequences of failing to file a First Amended Complaint by January 15, 2023. Nevertheless, Plaintiff has not filed a First Amended Complaint as of today's date. Additionally, because the Court will adopt the "less-drastic" sanction of dismissal without prejudice, the fifth factor favors dismissal.

     For these reasons, the Court dismisses Plaintiff's copyright infringement claim without prejudice for failure to comply with the Court's December 16, 2022 Order. See Fed. R. Civ. P. 41(b); see also Ferdik, 963 F.2d at 1260.

     IT IS SO ORDERED.